UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
BINGHAMPTON DIVISION
-----------------------------------------------------------------X
GARETH D. WOOD, in his own behalf and on
behalf of all others similarly situated,

                               Plaintiff,

       -against-


CAPITAL ONE SERVICES, LLC,
NCO FINANCIAL SYSTEMS, INC. and
CAPITAL ONE BANK (USA), N.A.,

                             Defendants.
-----------------------------------------------------------------X

Civil Action No.: 5:09-cv-1445
                (NPM/DEP)

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF FEDERAL AND STATE
<u>CONSUMER PROTECTION STATUTES</u>**

      For his Complaint, the Plaintiff, GARETH D. WOOD, by and through his undersigned counsel, pleading in his own behalf and on behalf of all others similarly situated, states as follows:

<u>**JURISDICTION**</u>

      1.      Plaintiff, GARETH D. WOOD ("Wood" or the "Consumer"), files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by the Defendants, CAPITAL ONE SERVICES, LLC ("Capital One Collections") and NCO FINANCIAL SYSTEMS, INC. ("NCO Collections").  Capital One Collections and NCO Collections, operating in tandem, conduct a debt collection business on behalf of Defendant CAPITAL ONE BANK (USA), N.A. ("Capital One Creditor") in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

      2.      This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and

28 U.S.C. § 1331, since the claims alleged against the Defendants arose under the FDCPA.

3.  This Court should exercise Supplemental Jurisdiction over the New York State claims asserted herein jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that each of the Defendants resides and transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5.  Wood is an adult individual residing in Pennellville, New York.

6.  Wood is a "consumer" within the meaning of Section 803 of the FDCPA, 15 U.S.C. § 1692a(3), in that the alleged debts that the Defendants sought to collect from him were originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts, within the meaning of 15 U.S.C. § 1692a(5).

7.  Capital One Creditor is, upon information and belief, a National Banking Association and wholly owned subsidiary of Capital One Financial Corporation ("COFC") with its principal place of business located at 1680 Capital One Drive, McLean, Virginia. Capital One Creditor maintains offices for the transaction of its business within the State of New York.

8.  Capital One Collections is, upon information and belief, a Delaware Limited Liability Company authorized to conduct business in the State of New York. Capital One Collections is a subsidiary of Capital One Creditor and maintains offices at 1680 Capital One Drive, McLean, Virginia. The principal business in which Capital One Collections is engaged is collection of debts on behalf of Capital One Creditor and other COFC subsidiaries. As such, the NCO Collections is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

9.  NCO Collections is, upon information and belief, a Pennsylvania corporation authorized to conduct business in the State of New York. NCO Collections maintains offices for

the conduct of its business at 507 Prudential Road, Horsham, PA 19044.  NCO Collections is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, the NCO Collections is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

## FACTS APPLICABLE TO ALL COUNTS

A.    **The Notice**

10.    In or around October 2009, Wood received a letter from Capital One Collections dated October 8, 2009 and entitled "PRE-LEGAL NOTICE" (the "Notice").  A copy of the Notice is annexed hereto and made a part of this Complaint as Exhibit A.  The 2-page Notice is printed on 8 ½ " x 11" paper and contains the following text within the upper 7" of the first page:



PRE-LEGAL NOTICE
October 08, 2009

Creditor:  Capital One Bank (USA), N.A.
Account Number: 4003447010384875
Balance: $1,731.35
Serviced by: CAPITAL ONE
Minimum Payment: $259.00

Dear Gareth D Wood:

**Your account is seriously delinquent and meets the guidelines for legal action if payment is not made toward the amount shown above.**

**Lawsuits can have serious consequences.** If a judgement is obtained against you, whatever legal actions are deemed advisable to enforce it will be taken*. Judgements are a matter of public record, so landlords, lenders and potential employers can see judgements against you. This could make it more difficult for you to rent an apartment, borrow money or even get a job in the future.

No decision has been made to sue you yet, so **you still have options:**
- You can pay $259.00 by your statement due date to bring your account current.
- Or, you can call to learn about possible flexible payment options and special offers.

To see what your options are or to make a payment, call **1-800-955-6600** or visit **www.capitalone.com/solutions.**

Sincerely,

Capital One Services, LLC

*Prior to any judgment, you will be notified and able to raise defenses. Our remedies will be subject to applicable property exemptions.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

11. The "important information" on the reverse side of the Notice includes the following items numbered "1" and "2" on the left side of the page:

> **1. Who We Are and Who We Service.** Capital One Services, LLC is the servicer of your Account. We are a subsidiary of Capital One, National Association, and service the following Capital One affiliated companies:
> - Capital One Bank (USA), National Association;
> - Capital One, National Association; and
> - Capital One Auto Finance, Inc.
>
> **2. State and Local Disclosures.** The following disclosure is required by state or local law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s), and you receive this letter in Connecticut, the District of Columbia, Iowa, New York City, North Carolina or Vermont:
>
> > This is an attempt to collect a (consumer) debt (claim). Any information obtained will be used for that purpose.
>
> The following disclosure is required by state law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Iowa:
>
> > This communication is from a debt collector.
>
> The following disclosure is required by state law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Massachusetts:
>
> > NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.
>
> The terms used in this Section are defined by applicable state or local law. This is not a complete list of the rights that you might have.

12. The Notice was the first written communication transmitted to Wood and received by Wood in which any "delinquency" was noted with reference to Wood's account with Capital One Creditor.

13. Telephone calls to the toll-free number provided in the Notice are automatically redirected to NCO Collections. Therefore, a consumer who believes he is calling his bank is instead routed to NCO Collections' telephone operators.

**B.     The Notice Deceives and Misleads Consumers**

14. Upon information and belief, the Notice is an example of a form letter,

4

substantially similar to thousands of letters sent to consumers across the country.

15. The Notice omits any mention of the consumer's right, under Federal law, to dispute the debt or to obtain verification of the debt.

16. The Notice misleads the consumer by creating the false impression that it is transmitted by Capital One Creditor. In fact, the Notice is transmitted by Capital One Collections, in its own behalf and in behalf of NCO Collections.

17. The Notice does not effectively communicate that it is transmitted by a "debt collector."

18. The Notice is calculated to lead a consumer to believe that a lawsuit is imminent when in fact the sender, at the time of transmitting the Notice, has no present intention or ability to commence suit.

## CLASS ACTION ALLEGATIONS

**A.     The Class**

19. Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

20. The proposed class (the "Class") is defined as follows:

**All consumers to whom a letter in the form of the Notice was sent by the Defendants into the State of New York within one year prior to the filing of this action and which was not returned as undeliverable.**

**B.     Numerosity**

21. The Notices are mass-mailed form letters. Therefore, the members of the Class are believed to be so numerous that joinder of all members is impractical.

22. Upon information and belief, Capital One Collections transmits thousands of similar Notices to consumers whose accounts with Capital One Creditor are past due. In each

instance, telephone responses from unsuspecting consumers are automatically routed to NCO Collections.

23. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the defendants' records.

24. Plaintiff reasonably believes that there are thousands of consumers who are members of the Class.

C. **Common Questions of Law and Fact**

25. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

26. The questions of law and fact common to the Classes concern whether the defendants' practice of transmitting communications to consumers in the form of the Notice constitutes conduct which violates Sections 807, 808 and 809 of the FDCPA.

27. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

   a. Did the defendants violate 15 U.S.C. §1692e (2) by engaging in the deceptive practice of falsely representing the character, amount or legal status of any debt?

   b. Did the defendants violate 15 U.S.C. §1692e (5) by engaging in the deceptive practice of misleading a consumer to believe that legal action is imminent when in fact there exist neither a present intention nor a present ability to commence such action?

   c. Did the defendants violate 15 U.S.C. §1692e (10) by engaging in the deceptive practice of using false representations and deceptive conduct to collect consumer

debts or obtain information concerning a consumer?

    d. Did the defendants violate 15 U.S.C. §1692e (11) by failing to effectively disclose in the initial communication with the Consumer that the Notice is from a debt collector?

    e. Did the defendants violate 15 U.S.C. §1692e (11) by failing to effectively disclose in the initial communication with the Consumer that the defendants are attempting to collect a debt and that any information obtained will be used for that purpose?

    f. Did the defendants violate 15 U.S.C. §1692e (14) by using a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

    g. Did the defendants violate 15 U.S.C. §1692g (a) by failing to effectively notify the consumer of his or her right to dispute the debt?

    h. Did the defendants violate 15 U.S.C. §1692g (a) by failing to effectively notify the consumer of his or her right to obtain verification of the debt?

    i. Does the Notice violate the FDCPA as seen from the perspective of the "least sophisticated" consumer?

**D.**    **Typicality**

28. Plaintiff's claims are typical of the claims of the Class members since each of the claims arises from receipt of a letter substantially similar to the Notice.

**E.**    **Protecting the Interests of the Class Members**

29. Plaintiff will fairly and adequately represent the Class members' interests, all of whom are victims of the Defendants' unlawful and wrongful conduct.

30. All of the Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

31.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class. .

**F.    Proceeding Via Class Action is Superior and Advisable**

32.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

33.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

34.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants and other Debt Collectors.  Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

### Violations of FDCPA
### Section 807(2), 15 U.S.C. § 1692e (2) by
### Falsely Representing the Character, Amount or Legal Status of any Debt

38.    Each and every allegation contained in paragraphs 1 through 37 of this Complaint is repeated, realleged and incorporated herein by reference.

39.    FDCPA Section 807(2), 15 U.S.C. §1692e(2) provides, in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(2) The false representation of – (A) the character, amount, or legal status of any debt…**

40.    Among other things, through the Notice, the defendants falsely represented that the alleged debt remained in the hands of Capital One Creditor when, in fact, it was transferred to Capital One Collections and NCO Collections, *i.e.* debt collectors, for handling.

41.    In addition, by use of the term "Pre-Legal Notice" and by stating that the subject account "meets the guidelines for legal action," the defendants fraudulently represented that a court action was imminent when in fact none of the defendants had the present intent or ability to commence a lawsuit.

42.    Upon information and belief the defendants routinely cause communications to be transmitted to Consumers in the form of the Notice which, among other things, communicate misleading information of the type contained in the Notice.

43.    By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT II

### Violations of FDCPA
### Section 807(5), 15 U.S.C. §1692e (5) by
### Threatening to take Action which is Not Presently Intended to be Taken

44.     Each and every allegation contained in paragraphs 1 through 43 of this Complaint is repeated, realleged and incorporated herein by reference.

45.     FDCPA Section 807(5), 15 U.S.C. 1692e(5), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(3) The threat to take any action which cannot legally be taken or is not intended to be taken.**

46.     The acts and practices complained in this Complaint constitute the threat of legal action which in not intended to be taken, in violation of 15 U.S.C. §1692e (5).

47.     By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT III

### Violations of FDCPA
### Section 807(10), 15 U.S.C. §1692e (10) by
### Use of Deception to Collect a Debt

48.     Each and every allegation contained in paragraphs 1 through 47 of this Complaint is repeated, realleged and incorporated herein by reference.

49.     FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**

>**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

50. The acts and practices complained in this Complaint constitute the use of false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. §1692e (10).

51. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT IV

### Violations of FDCPA
### Section 807(11), 15 U.S.C. §1692e(11) by
### Failing to Identify Communications as an Attempt to Collect a Debt

52. Each and every allegation contained in paragraphs 1 through 51 of this Complaint is repeated, realleged and incorporated herein by reference.

53. FDCPA Section 807(11), 15 U.S.C. 1692e(11), provides in relevant part:

>**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
>**(11) The failure to disclose in the initial written communication with the consumer… that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose…**

54. The disclosure required by 15 U.S.C. 1692e (11) was not provided.

55. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT V

### Violations of FDCPA
### Section 807(14), 15 U.S.C. §1692e(14) by
### Using a Business, Company, or Organization name other than the
### True Name of the Debt Collector's Business, Company, or Organization.

56. Each and every allegation contained in paragraphs 1 through 55 of this Complaint is repeated, realleged and incorporated herein by reference.

57. FDCPA Section 807(14), 15 U.S.C. 1692e(14), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**

58. Defendants' use of the name "Capital One" in place and instead of the names of NCO Collections and Capital One Collections, and Defendants' failure to identify NCO Collections as having a connection to the Notice, constitute violations of 15 U.S.C. 1692e(14).

59. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT VI

### Violations of FDCPA
### Section 808 , 15 U.S.C. 1692f by
### Use of Unfair or Unconscionable Means To Collect a Debt

60. Each and every allegation contained in paragraphs 1 through 59 of this Complaint is repeated, realleged and incorporated herein by reference.

61. FDCPA Section 808, 15 U.S.C. § 1692f, provides in relevant part:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

62. The acts and practices complained of herein constitute the use of unfair and unconscionable means to collect or attempt to collect a debt.

63. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT VII

### Violations of FDCPA
### Section 809(a), 15 U.S.C. § 1692g(a) by
### Failing to Provide a Debt Validation Notice

64. Each and every allegation contained in paragraphs 1 through 63 of this Complaint is repeated, realleged and incorporated herein by reference.

65. FDCPA Section 809(a), 15 U.S.C. § 1692g(a), requires that the following "validation notice" be communicated to consumers by debt collectors:

> **(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
> **(1) the amount of the debt;**
> **(2) the name of the creditor to whom the debt is owed;**
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

66. The Notice did not contain the required validation notice.

67. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT VIII

### Violations of FDCPA
### Section 809(b), 15 U.S.C. § 1692g(b) by
### Overshadowing the Consumer's Rights

68. Each and every allegation contained in paragraphs 1 through 67 of this Complaint is repeated, realleged and incorporated herein by reference.

69. FDCPA Section 809(b), 15 U.S.C. § 1692g(b), provides in relevant part:

> **…..Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) … Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

70. Notwithstanding the inclusion of language required by FDCPA Section 809(a), 15 U.S.C. § 1692g (a), the content of the Initial Demand overshadows and is inconsistent with the Consumer's rights to dispute the debt.

71. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT IX

### Violations of New York GBL § 349 by
### Engaging In Unlawful
### Deceptive Practices And Acts

72. Each and every allegation contained in paragraphs 1 through 71 of this Complaint is repeated, realleged and incorporated herein by reference.

73. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

74. The Defendants willfully and knowingly engaged in conduct constituting

14

deceptive acts and practices in violation of NY GBL§ 349.

75. The Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

76. By virtue of the foregoing, Plaintiffs are entitled to recover their actual damages, trebled, together with their reasonable attorneys' fees.

## COUNT X

### Common Law Fraud

77. Each and every allegation contained in paragraphs 1 through 76 of this Complaint is repeated, realleged and incorporated herein by reference.

78. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

79. The Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

80. All of the Defendants' acts complained of herein were committed with malice, intent, wantonness, and recklessness, and are characterized by reckless disregard for Plaintiffs' rights.

81. Accordingly, Defendants are subject to punitive damages.

**DEMAND FOR RELIEF**

WHEREFORE, Wood asks that this Court enter judgment in his favor and in favor of the members of the Class and against the defendants, jointly and severally, as follows:

A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

B) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692j (b).

C) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. §1692(a)(3);

D) Awarding treble the amount of actual damages as permitted under NY GBL§ 349;

E) Awarding punitive damages as redress for Defendants' fraud under the laws of the State of New York;

F) Declaring that the Notice violates the FDCPA;

G) Declaring that the Notice violates the NY General Business Law; and

H) Granting such other and further relief this Court deems just and appropriate.

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated:  Stamford, CT
     December 15, 2009              LEMBERG & ASSOCIATES L.L.C.
                                    *Attorneys for Plaintiff*

                                    By  /s/ Sergei Lemberg
                                        Sergei Lemberg (SL 6331)
                                        1100 Summer Street
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        slemberg@lemberglaw.com