UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Gareth D. Wood, *in his own behalf and on behalf of all others similarly situated*,

                           Plaintiff,

    -v.-                                    5:09-CV-1445
                                                       (NPM/DEP)

Capital One Services, LLC; NCO Financial Systems, Inc.; and Capital One Bank (USA), N.A.,

                           Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEMBERG & ASSOCIATES L.L.C.<br>Attorneys for Plaintiff<br>1100 Summer Street<br>Floor 3<br>Stamford, CT 06905 | SERGEI LEMBERG, ESQ. |
| HUNTON & WILLIAMS LLP<br>Attorneys for Defendants,<br> Capital One Services, LLC and<br> Capital One Bank (USA), N.A.<br>200 Park Avenue, 52nd Floor<br>New York, NY 10166 | BRIAN V. OTERO, ESQ. |
| Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219-4074 | GEORGE P. SIBLEY, ESQ.<br>LEWIS F. POWELL III. ESQ. |

| | |
|---|---|
| SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.<br>Attorneys for Defendant,<br> NCO Financial Systems, Inc.<br>3850 North Causeway Boulevard<br>Suite 200<br>Metairie, LA 70002-7227 | DAVID ISRAEL, ESQ. |
| 130 John Muir Drive<br>Suite 106<br>Amherst, NY 14228 | MICHAEL DEL VALLE, ESQ. |

Neal P. McCurn, Senior District Judge

## *MEMORANDUM-DECISION and ORDER*

### *I.   Introduction*

Plaintiff, Gareth D. Wood ("Plaintiff"), brought this action against defendants Capital One Bank (USA), N.A. ("Capital One Bank"), Capital One Services, LLC ("Capital One Services") and NCO Financial Systems ("NCO") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law § 349 ("NYGBL § 349").[1]  Presently before the court is a motion by defendants Capital One Bank and Capital One Services (collectively, "Movants") to dismiss the claims against them for failure to state claims upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff opposes and Movants reply.  Resolution of this motion is based on the papers submitted, without oral argument.

---

[1]  Plaintiff additionally alleged a common law fraud claim in the complaint, but he later withdrew the claim.  (See Pl.'s Mem. Opp. Mot. Dismiss 2.)

2

## II. Factual Background

The court accepts, as it must, the following allegations in Plaintiff's complaint as true for purposes of deciding the present motion to dismiss. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)).

Plaintiff, a resident of Pennellville, NY, holds a consumer credit account with Capital One Bank. Around October 2009, Plaintiff received a letter entitled "PRE-LEGAL NOTICE" ("Letter") from Capital One Services. The Letter indicated that Plaintiff's account is delinquent and that legal action may be taken if Plaintiff does not make a payment toward the balance. The reverse side of the Letter stated that Capital One Services, an affiliate of Capital One Bank, is the servicer of Plaintiff's account. The Letter further provided a telephone number for information or payment options. This number routes callers to an operator for NCO, an alleged debt collector.

## III. Discussion

Plaintiff professes to allege nine separate causes of action, including eight claims under the FDCPA and one claim under NYGBL § 349. Movants seek dismissal of all claims against them for failure to state claims upon which relief may be granted.

### A. Legal Standard

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations in the complaint as true, drawing all inferences in favor of the plaintiff. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003) (quoting Patel v. Contemporary Classics of

3

Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)). The court is generally "required to look only to the allegations on the face of the complaint." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). However, in addition to the complaint's factual allegations, the pleading includes any written instrument or exhibit attached to a complaint and incorporated by reference. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002) (citing Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

Plaintiffs must allege enough facts "to raise a right of relief above the speculative level." See Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1965 (2007). But a plaintiff need not plead specific facts. See Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007). Where certain "facts are peculiarly within the possession and control of the defendant," plaintiffs are not prevented from "pleading facts alleged upon information and belief." See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotations omitted) (quoting Boykin v. Keycorp, 521 F.3d 202, 215 (2d Cir. 2008)). The complaint must contain sufficient factual allegations, accepted as true, to state a facially plausible claim. See Ashcroft v. Iqbal, — U.S. —, —, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). However, assessing whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

### B.  *The Claims under the FDCPA*

Movants argue that the FDCPA claims against them should be dismissed

4

because Plaintiff failed to sufficiently plead that Movants are "debt collectors" under the FDCPA. (See Defs.' Reply Mem. Supp. Mot. Dismiss 1.) Plaintiff alleges violations of 15 U.S.C. §§ 1692(e)–(g) (2006). (Compl. ¶¶ 38–71.) Each of these provisions apply only to debt collectors. See §§ 1692(e)–(g); Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 528 (S.D.N.Y. 2008). Therefore, the issue necessary to deciding the motion to dismiss all FDCPA claims is whether Plaintiff sufficiently alleged that Movants are debt collectors subject to the FDCPA.

The FDCPA defines "debt collectors" as persons who use "any instrumentality of interstate commerce or the mails" to engage in debt collection as a principal business, or "who regularly collect[] . . . debts owed or due . . . another." § 1692(a)(6). However, an "affiliate" exception applies to any entity acting as debt collectors for another entity related by common ownership or corporate affiliation, so long as the party acting as a debt collector does so only for its affiliates and if its principal business is not collecting such debts. See § 1692(a)(6)(B); Daros v. Chase Manhattan Bank, 19 F. App'x 26, 27–28 (2d Cir. 2001).

Additionally, the term "debt collectors" includes creditors "who, in the process of collecting [their] own debts, use[] any name other than [their] own which would indicate that a third person is collecting or attempting to collect such debts." § 1692(a)(6). However, under the "false name" exception, creditors who use a name other than their own in the process of collecting their debts are not exempt. See § 1692(a)(6); Williams, 565 F. Supp. 2d at 529.

### 1. *"Affiliate" Exception*

Plaintiff refers to Capital One Bank as a creditor in the complaint, and

5

Exhibit A explicitly lists Capital One Bank as the creditor of Plaintiff's account. (Compl. ¶ 1; Ex. A.) Additionally, Plaintiff alleges that Capital One Services is a debt collector under the FDCPA, because it collects debts on behalf of Capital One Bank and other affiliates, and its principal business of Capital One Services is the collection of such debts.[2] (Compl. ¶ 8.) Since Capital One Services is a creditor's affiliate, it is not subject to the FDCPA if it collects debts only on behalf of affiliates and its principal business is not collecting debts. See 15 U.S.C. § 1692(a)(6)(B) (2006).

Movants contend that Wood has the burden of pleading that Capital One Services is not exempt from the FDCPA under the "affiliate" exception. (Defs.' Reply Mem. 6.) Since only one affirmative defense is provided under the FDCPA, see § 1692(k)(c), Movants claim that Plaintiff must plead that any statutory exception to the debt collector definition does not apply. (See Defs.' Reply Mem. 6.) However, Plaintiff contends that he is not required to plead specifically that Capital One Services does not fall within the "affiliate" exception. (Pl.'s Mem. 11.) Although few cases address whether claimants must plead that no exception exempts the alleged debt collector from the FDCPA, there is some support for the notion that plaintiffs need not allege that a defendant is a debt collector and that no exception to that definition applies. See Deuel v. Santander Cons. USA, Inc., — F.Supp.2d —, 2010 WL 1253035, *3 (S.D. Fla. Apr. 1, 2010); Molloy v. Primus Auto. Fin. Servs., 247 B.R. 804, 821 (C.D. Cal. 2000). However, this court need

---

[2] Plaintiff's complaint mistakenly lists NCO as a debt collector in the paragraph discussing the nature of Capital One Services' business. It is contextually clear from the paragraph that Plaintiff intended to conclude that Capital One Services is a debt collector under the FDCPA. Plaintiff also addresses this clerical error in his opposition memorandum. (Pl.'s Mem. 6.)

6

not decide whether Plaintiff is required to plead the inapplicability of the "affiliate" exception, because the complaint satisfactorily alleges that Capital One Services is not covered by the "affiliate" exception.

Indeed, Plaintiff alleges "upon information and belief" that Capital One Services is a debt collector with the principal business of debt collection. (Compl. ¶ 8.) Furthermore, Plaintiff asserts that Capital One Services sent the Letter regarding his delinquent account with Capital One Bank. (See Compl. ¶¶ 10, 12; Ex. A.) These allegations go beyond the conclusory assertion that Capital One Services is a debt collector under the FDCPA. Plaintiff factually alleges that Capital One Services sent communication in connection with his delinquent account and that Capital One Services' principal business is debt collection. Recognizing that specific facts relating to whether a defendant's principal business is debt collection may be too difficult to ascertain and allege with particularity before discovery, this court need not dismiss Plaintiff's claims on the grounds that he did not allege more specific facts about Capital One Services' debt collection business. See Erickson, 551 U.S. at 93; Arista Records, 604 F.3d at 120. Plaintiff sufficiently alleges that Capital One Services is a debt collector under the FDCPA, and by alleging that its principal business is debt collection, the inapplicability of the "affiliate" exception is adequately pled. Accordingly, the motion to dismiss is denied with respect to the FDCPA claims against Capital One Services.

### 2. "False Name" Exception

Plaintiff does not dispute that Capital One Bank is a creditor under the FDCPA; however, he contends that the "false name" exception applies to Capital One Bank. (See Compl. ¶¶ 13, 16.) Generally, creditors are not subject to the

7

FDCPA.  See Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998).  However, under the "false name" exception, the FDCPA defines debt collectors as creditors "who, in the process of collecting [their] own debts, use[] any name other than [their] own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C. § 1692(a)(6) (2006); see Catencamp v. Cendant Timeshare Resort Group–Consumer Fin., Inc., 471 F.3d 780, 782 (7th Cir. 2006) (citing Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232 (2d Cir. 1998)).  The "false name" exception applies to any creditor who, *in the process of collecting its debts*, "indicate[s] that a third party is collecting or attempting to collect such debts . . . pretends to be someone else or uses a pseudonym or alias . . . or . . . [who] owns and controls the debt collector, rendering it the creditor's alter ego."  See Mazzei v. Money Store, 349 F. Supp.2d 651, 659 (S.D.N.Y. 2004) (emphasis added) (internal quotations and citations omitted).

    Plaintiff's complaint is missing an element critical to pleading that a creditor is a debt collector under the "false name" exception of the FDCPA.  The complaint never alleges that Capital One Bank, the creditor, is collecting its own debts or is attempting to collect its own debts.  Instead, the complaint states that the debt was "transferred" to Capital One Services and NCO.  (Compl. ¶ 40.)  Additionally, the complaint acknowledges that the Letter was sent by Capital One Services, "in its own behalf and in behalf of NCO . . . ."  (Compl. ¶ 16.)  Since the complaint does not even allege that Capital One Bank is attempting to collect its own debts, the "false name" exception does not apply.  The motion to dismiss is hereby granted with respect to the FDCPA claims against Capital One Bank.

### *C. The Claim under NYGBL § 349*

Movants argue that the NYGBL § 349 claim against them should be dismissed because Plaintiff failed to sufficiently plead either a "materially misleading" act or resulting injury. (See Defs.' Reply Mem. 1.) Section 349 of New York's General Business Law declares that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful." N.Y. GEN. BUS. LAW § 349 (McKinney 2004). A plaintiff stating a claim under NYGBL § 349 must allege that the defendant engaged in a materially misleading consumer-oriented act or practice that resulted in the plaintiff's injury. See Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009) (citing Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam)). An objectively misleading act is an act or omission that is "likely to mislead a reasonable consumer acting reasonably under the circumstances." See Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 126 (2d Cir. 2007) (internal quotations omitted) (quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 532–33, 647 N.E.2d 741, 745 (1995)). Although plaintiffs must allege that the deceptive acts caused an actual injury, they need not allege any pecuniary harm. See Stutman v. Chem. Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 895–896 (2000) (citations omitted).

Plaintiff alleges that Movants engaged in a deceptive act under NYGBL § 349 by sending the Letter and other similar notices to consumers. (Compl. ¶ 42.) However, his complaint indicates that Capital One Services was the defendant who sent the Letter. (Compl. ¶ 10.) Furthermore, the Letter itself lists Capital One Services as the transmitter of the Letter. (Ex. A.) Plaintiff cannot allege that

9

Capital One Bank sent the Letter when his complaint clearly indicates that it was sent by Capital One Services.  Since Plaintiff has not and cannot allege that Capital One Bank ever communicated with him through the Letter, his claim that Capital One Bank engaged in a deceptive act or practice under NYGBL § 349 cannot survive.  Accordingly, the court grants the motion to dismiss with respect to the NYGBL § 349 claim against Capital One Bank.

However, Plaintiff does allege that Capital One Services sent him the Letter.  (Compl. ¶ 10.)  He further asserts that the practice of mailing the Letter and other similar notices is materially misleading insofar as the Letter invites recipient consumers to call a number that routes callers to NCO, but it does not indicate that NCO has any connection with the Letter.  (See Compl. ¶ 13, 58.)  A reasonable consumer receiving a similar notice and calling the number provided would be misled.  By omitting mention of any third party involvement, the reasonable consumer would expect to be connected with Capital One Services, not NCO.

Furthermore, Plaintiff claims that, by virtue of the misleading Letter, he suffered "humiliation, anger, anxiety, emotion distress, fear, frustration and embarrassment . . . ."  (Compl. ¶ 75.)  By alleging specific non-pecuniary harms resulting from the purportedly misleading practice of transmitting the Letter, Plaintiff has gone beyond making the conclusory allegation that Movants "caused actual damages and injury . . . ."  See Smith v. Chase Manhattan Bank, USA, N.A., 293 A.D.2d 598, 600, 741 N.Y.S.2d 100, 102 (App. Div. 2002).  As a result, Plaintiff sufficiently states a NYGBL § 349 claim against Capital One Services.  The motion to dismiss is hereby denied with respect to the NYGBL § 349 claim against Capital One Services.

## *IV. Conclusion*

In accordance with the foregoing analysis it is ORDERED that the motion to dismiss filed by Capital One Services, LLC and Capital One Bank (USA), N.A., against Plaintiff, see Dkt. No. 14, is GRANTED in part and DENIED in part, and it is further

ORDERED that all claims against Capital One Bank (USA), N.A. are DISMISSED; and it is further

ORDERED that the motion to dismiss filed by Capital One Services, LLC and Capital One Bank (USA), N.A., against Plaintiff is DENIED in all other respects.


IT IS SO ORDERED.



DATED: June 18, 2010
Syracuse, New York


_____
Neal P. McCurn
Senior U.S. District Judge

11