UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
BINGHAMPTON DIVISION
_____

GARETH D. WOOD, in his own behalf and on
behalf of all others similarly situated,

                                    Plaintiff,

-against-

CAPITAL ONE SERVICES, LLC,
NCO FINANCIAL SYSTEMS, INC. and
CAPITAL ONE BAK (USA), N.A.,

                                    Defendants.
_____.

Civil Action
No. 5:09-cv-1445
(NPM/DEP)

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, NCO FINANCIAL SYSTEMS, INC. ("NCO"), which responds to the Class Action Complaint ("Complaint") filed by Plaintiff, GARETH D. WOOD ("Plaintiff"), as follows:

## JURISDICTION[1]

1. In response to ¶ 1 of the Complaint, NCO admits Plaintiff purports to bring a class action for damages and relief under Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq.*, but NCO denies any and all violations to the extent alleged in ¶ 1 of the Complaint and denies this action meets the requirements of a class action.

---

[1] This Answer and Affirmative Defenses reproduces the section headings contained in the Complaint for convenience, reference and informational purposes only. To the extent any section heading contained in the Complaint and reproduced herein constitutes or contains an allegation of fact or law, NCO denies any such allegations.

2. NCO admits Plaintiff purports to invoke federal question jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331 as alleged in ¶ 2 of the Complaint, but NCO refers all matters of jurisdiction to the Court. Except as specifically admitted, NCO denies the allegations contained in ¶ 2 of the Complaint.

3. NCO admits Plaintiff purports to invoke supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as alleged in ¶ 3 of the Complaint, but NCO refers all matters of jurisdiction to the Court. Except as specifically admitted, NCO denies the allegations contained in ¶ 3 of the Complaint.

4. NCO admits the allegations contained in ¶ 4 of the Complaint for venue purposes only.

## PARTIES

5. NCO denies the allegations contained in ¶ 5 of the Complaint for lack of sufficient knowledge or information to justify a reasonable belief therein.

6. NCO denies the allegations contained in ¶ 6 of the Complaint for lack of sufficient knowledge or information to justify a reasonable belief therein.

7. The allegations contained in ¶ 7 of the Complaint are not directed to this defendant and, consequently, do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the allegations contained in ¶ 7 of the Complaint for lack of sufficient knowledge or information to form a belief therein.

8. The allegations contained in ¶ 8 of the Complaint are not directed to this defendant and, consequently, do not require an answer. However, to the extent that an

affirmative response is deemed to be required, NCO denies the allegations contained in ¶ 8 of the Complaint for lack of sufficient knowledge or information to form a belief therein.

9.  NCO admits it is a Pennsylvania corporation with its principal place of business in Horsham, Pennsylvania and that conducts business in New York.  NCO further admits that it is engaged in the business of debt collection, and that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection activities may be regulated by certain provisions of the FDCPA.  Except as specifically admitted, NCO denies the allegations contained in ¶ 9 of the Complaint.

## FACTS APPLICABLE TO ALL COUNTS

**A.**     **The Notice**

10.  NCO denies the allegations contained in ¶ 10 of the Complaint for lack of sufficient knowledge or information to justify a reasonable belief therein.

11.  NCO denies the allegations contained in ¶ 11 of the Complaint for lack of sufficient knowledge or information to justify a reasonable belief therein.

12.  NCO denies the allegations contained in ¶ 12 of the Complaint for lack of sufficient knowledge or information to justify a reasonable belief therein.

13.  NCO denies the allegations contained in ¶ 13 of the Complaint.

**B.**     **The Notice Deceives and Misleads Consumers**

14.  NCO denies the allegations contained in ¶ 14 of the Complaint for lack of sufficient knowledge or information to justify a reasonable belief therein.

15. The statements contained in ¶ 15 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements, denies any wrongdoing or unlawful conduct, and refers to the original notice referenced therein as the best evidence of its contents.

16. The statements contained in ¶ 16 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements, denies any wrongdoing or unlawful conduct, and refers to the original notice referenced therein as the best evidence of its contents.

17. The statements contained in ¶ 17 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements, denies any wrongdoing or unlawful conduct, and refers to the original notice referenced therein as the best evidence of its contents.

18. The statements contained in ¶ 18 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements, denies any wrongdoing or unlawful conduct, and refers to the original notice referenced therein as the best evidence of its contents.

## CLASS ACTION ALLEGATIONS

A. **The Class**

19. NCO admits Plaintiff purports to bring this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but NCO denies any and all violations to the extent alleged in ¶ 19 of the Complaint and denies this action meets the requirements of a class action.

20. NCO denies the allegations contained in ¶ 20 of the Complaint and further denies this suit meets the requirements of a class action.

**B.   Numerosity**

21. NCO denies the allegations contained in ¶ 21 of the Complaint and further denies this suit meets the requirements of a class action.

22. NCO denies the allegations contained in ¶ 22 of the Complaint and further denies this suit meets the requirements of a class action.

23. NCO denies the allegations contained in ¶ 23 of the Complaint and further denies this suit meets the requirements of a class action.

24. NCO denies the allegations contained in ¶ 24 of the Complaint and further denies this suit meets the requirements of a class action.

**C.   Common Questions of Law and Fact**

25. NCO denies the allegations contained in ¶ 25 of the Complaint and further denies this suit meets the requirements of a class action.

26. NCO denies the allegations contained in ¶ 26 of the Complaint and further denies this suit meets the requirements of a class action.

27. NCO denies the allegations contained in ¶ 27 of the Complaint, including all subparts, and further denies this suit meets the requirements of a class action.

**D.     Typicality**

28.     NCO denies the allegations contained in ¶ 28 of the Complaint and further denies this suit meets the requirements of a class action.

**E.     Protecting the Interests of the Class Members**

29.     NCO denies the allegations contained in ¶ 29 of the Complaint and further denies this suit meets the requirements of a class action.

30.     NCO denies the allegations contained in ¶ 30 of the Complaint and further denies this suit meets the requirements of a class action.

31.     NCO denies the allegations contained in ¶ 31 of the Complaint for lack of sufficient information to justify a reasonable belief therein, and further denies this suit meets the requirements of a class action.

**F.     Proceeding Via Class Action is Superior and Advisable**

32.     The statements contained in ¶ 32 of the Complaint call for a legal conclusion and do not require an answer.  However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

33.     NCO denies the allegations contained in ¶ 33 of the Complaint, and further denies this suit meets the requirements of a class action.

34.     NCO denies the allegations contained in ¶ 34 of the Complaint, and further denies this suit meets the requirements of a class action.

35.     NCO denies the allegations contained in ¶ 35 of the Complaint, and further denies this suit meets the requirements of a class action.

36. NCO denies the allegations contained in ¶ 36 of the Complaint, and further denies this suit meets the requirements of a class action.

37. NCO denies the allegations contained in ¶ 37 of the Complaint, and further denies this suit meets the requirements of a class action.

## COUNT I

### Violations of FDCPA
### Section 807(2), 15 U.S.C. §1692e(2) by
### Falsely Representing the Character, Amount or Legal Status of Any Debt

38. In response to ¶ 38 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

39. The statements contained in ¶ 39 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

40. NCO denies the allegations contained in ¶ 40 of the Complaint.

41. NCO denies the allegations contained in ¶ 41 of the Complaint.

42. NCO denies the allegations contained in ¶ 42 of the Complaint.

43. NCO denies the allegations contained in ¶ 43 of the Complaint.

## COUNT II

### Violations of FDCPA
### Section 807(5), 15 U.S.C. §1692e(5) by
### Threatening to take Action which is Not Presently Intended to be Taken

44. In response to ¶ 44 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

45. The statements contained in ¶ 45 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

46. NCO denies the allegations contained in ¶ 46 of the Complaint.

47. NCO denies the allegations contained in ¶ 47 of the Complaint.

## COUNT III

### Violations of the FDCPA
### Section 807(10), 15 U.S.C. §1692e(10) by
### Use of Deception to Collect a Debt

48. In response to ¶ 48 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

49. The statements contained in ¶ 49 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

50. NCO denies the allegations contained in ¶ 50 of the Complaint.

51. NCO denies the allegations contained in ¶ 51 of the Complaint.

## COUNT IV

### Violations of the FDCPA
### Section 807(11), 15 U.S.C. §1692e(11) by
### Failing to Identify Communications as an Attempt to Collect a Debt

52. In response to ¶ 52 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

53. The statements contained in ¶ 53 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

54. NCO denies the allegations contained in ¶ 54 of the Complaint.

55. NCO denies the allegations contained in ¶ 55 of the Complaint.

## COUNT V

### Violations of FDCPA
### Section 807(14), 15 U.S.C. §1692e(14) by
### Using a Business, Company, or Organization name other than the
### True Name of the Debt Collector's Business, Company, or Organization

56. In response to ¶ 56 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

57. The statements contained in ¶ 57 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

58. NCO denies the allegations contained in ¶ 58 of the Complaint.

59. NCO denies the allegations contained in ¶ 59 of the Complaint.

## COUNT VI

### Violations of FDCPA
### Section 808, 15 U.S.C. §1692f by
### Use of Unfair or Unconscionable Means to Collect a Debt

60. In response to ¶ 60 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

61. The statements contained in ¶ 61 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

62. NCO denies the allegations contained in ¶ 62 of the Complaint.

63. NCO denies the allegations contained in ¶ 63 of the Complaint.

## COUNT VII

### Violations of FDCPA
### Section 809(a), 15 U.S.C. §1692g(a) by
### Failing to Provide a Debt Validation Notice

64. In response to ¶ 64 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

65. The statements contained in ¶ 65 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

66. NCO denies the allegations contained in ¶ 66 of the Complaint.

67. NCO denies the allegations contained in ¶ 67 of the Complaint.

## COUNT VIII

### Violations of FDCPA
### Section 809(b), 15 U.S.C. §1692g(b) by
### Overshadowing the Consumer's Rights

68. In response to ¶ 68 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

69. The statements contained in ¶ 69 of the Complaint call for a legal conclusion and do not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies the statements and refers to the FDCPA as the best evidence of its contents and purposes.

70. NCO denies the allegations contained in ¶ 70 of the Complaint.

71. NCO denies the allegations contained in ¶ 71 of the Complaint.

## COUNT VIX

### Violations of New York GBL § 349 by Engaging in Unlawful Deceptive Practices And Acts

72. In response to ¶ 72 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

73. NCO denies the allegations contained in ¶ 73 of the Complaint.

74. NCO denies the allegations contained in ¶ 74 of the Complaint.

75. NCO denies the allegations contained in ¶ 75 of the Complaint.

76. NCO denies the allegations contained in ¶ 76 of the Complaint.

## COUNT X

### Common Law Fraud

77. In response to ¶ 77 of the Complaint, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

78. NCO denies the allegations contained in ¶ 78 of the Complaint.

79. NCO denies the allegations contained in ¶ 79 of the Complaint.

80. NCO denies the allegations contained in ¶ 80 of the Complaint.

81. NCO denies the allegations contained in ¶ 81 of the Complaint.

### DEMAND FOR RELIEF

Plaintiff's demand for relief contained in the first un-numbered paragraph at page 15 of the Complaint does not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies all of Plaintiff's demands.

### JURY DEMAND

Plaintiff's demand for a jury contained in the second un-numbered paragraph at page 15 of the Complaint does not require an answer. However, to the extent that an affirmative response is deemed to be required, NCO denies Plaintiff's jury.

AND NOW, in further answer to the Complaint, NCO avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against NCO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that a violation(s) is established, and in the event Defendant is found to be a debt collector, as defined by FDCPA, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff, which is denied, was a result in whole or in part of Plaintiff's own conduct or the conduct of third parties over which NCO exercises no control or authority and for whom NCO is not responsible or liable.  Therefore, actual damages suffered by Plaintiff, if any, should be reduced or allocated accordingly.

## FOURTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Assuming Plaintiff suffered any damages, which is denied, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

WHEREFORE, Defendant NCO Financial Systems, Inc., respectfully requests that this answer be deemed good and sufficient, Plaintiff's Complaint be dismissed, with prejudice at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for NCO and all other general and equitable relief.

Dated: June 28, 2010

    Respectfully submitted,

    /s Michael Del Valle
    Michael Del Valle, Esq.
    New York Bar No.: 2753507
    Sessions, Fishman, Nathan & Israel of New York, LLC
    130 John Muir Drive, Suite 106
    Amherst, NY  14228
    Telephone No.: (716) 625-7492
    Facsimile No.: (716) 625-7497
    mdelvalle@sessions-law.biz

>David Israel (La. Bar No. 7174)
>New York Bar No.: 516164
>SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
>3850 N. Causeway Blvd., Ste. 200
>Metairie, LA  70002
>Telephone: (504) 828-3700
>disrael@sessions-law.biz
>
>Counsel for NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June 2010, a true and correct copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

>Sergei Lemberg, Esq.
>Lemberg & Associates L.L.C.
>Counsel for plaintiff
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>
>Brian Otero, Esq.
>Hunton & Williams LLP
>200 Park Avenue
>New York, NY 10166-0005
>Counsel for defendants
>Capital One Bank (USA), N.A.
>Capital One Services, LLC
>
>George P. Sibley, III, Esq.
>Lewis F. Powell, III, Esq.
>HUNTON & WILLIAMS LLP
>951 E. Byrd Street
>Richmond, Virginia 23219
>(804) 788-8200
>(804) 788-8218 (fax)
>gsibley@hunton.com
>
>
>/s Michael Del Valle
>Michael Del Valle, Attorney

\\sfnfs02\prolawdocs\6947\6947-25437\Wood, Gareth D\83253.doc