UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                        :

GARETH D. WOOD, in his own behalf and on  :
behalf of all others similarly situated,
                                        :

                Plaintiff,  :
        v.                                      :        No. 5:09-cv-1445 (NPM/DEP)
                                        :
CAPITAL ONE SERVICES, LLC,  :
NCO FINANCIAL SYSTEMS, INC., and  :
CAPITAL ONE BANK (USA), N.A.,  :
                                        :
                 Defendants  :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## ANSWER OF DEFENDANT CAPITAL ONE SERVICES LLC

Defendant, Capital One Services, LLC ("Capital One"), by counsel, submits the following Answer to the Plaintiff's Complaint.

### First Defense

The Complaint fails to state a claim on which relief may be granted.

### Second Defense

1.      The first sentence of Paragraph 1 of the Complaint purports to characterize the nature of this action and thus no response is required. To the extent a response is required, Capital One denies the allegations in the first sentence of Paragraph 1 of the Complaint. Capital One denies the second sentence of Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 3

of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 4 of the Complaint.

5.      Capital One lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 6 of the Complaint.

7.      Capital One admits the allegations in Paragraph 7 of the Complaint.

8.      Capital One admits that it is a Delaware Limited Liability Company that is authorized to conduct business in the State of New York and is affiliated with Capital One Bank (U.S.A.), N.A.  Capital One denies the remainder of the allegations in Paragraph 8 of the Complaint.

9.      Capital One lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint.

10.     Capital One admits the allegations in Paragraph 10 of the Complaint, except insofar as Plaintiff alleges that Exhibit A to the Complaint reflects a copy of the entire letter.

11.     Capital One admits the allegations in Paragraph 11 of the Complaint, but notes that Paragraph 11 does not set forth all of the language on the reverse side of the letter.

12.     Capital One denies the allegations in Paragraph 12 of the Complaint.

13.     Capital One admits that, under some circumstances, calls to the toll-free number are routed to NCO Collections.  Capital One denies that, at the time the letter was generated, a

call by Plaintiff to the toll free number would have been routed to NCO.  Capital One denies the remainder of the allegations in Paragraph 13 of the Complaint.

14.	Capital One admits that it has sent similar letters to other Capital One cardholders.  Capital One denies the remainder of the allegations in Paragraph 14 of the Complaint.

15.	Paragraph 15 of the Complaint purports to characterize the terms of the letter, which speak for themselves.  Paragraph 15 also states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 15 of the Complaint.

16.	Capital One admits that it transmitted the letter.  Capital One denies the remainder of the allegations in Paragraph 16 of the Complaint.

17.	Capital One denies that it is a debt collector under the Fair Debt Collection Practices Act and thus denies that it was under any obligation to disclose that it was debt collector under the FDCPA.  Capital One denies the remainder of the allegations in Paragraph 17 of the Complaint.

18.	Capital One denies the allegations in Paragraph 18 of the Complaint.

19.	Paragraph 19 of the Complaint purports to characterize this action and therefore no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 19 of the Complaint.

20.	Paragraph 20 of the Complaint purports to define a class and therefore no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 20 of the Complaint.

21.	Capital One denies the allegations in Paragraph 21 of the Complaint.

22.	Capital One admits that it has sent letters to other Capital One cardholders that are

similar to the letter sent to Plaintiff.  Capital One further admits that, under some circumstances, calls to the toll-free number listed on the letter are transferred to NCO.  Capital One denies the remainder of the allegations in Paragraph 22 of the Complaint.

23. Capital One admits that it can determine the number and identities of individuals who would have received a letter similar in form to the letter sent to Mr. Wood on or about October 8, 2009.  Capital One denies the remainder of the allegations in Paragraph 23 of the Complaint, including specifically the allegation that the identification of the members of an appropriate class is a matter of "ministerial determination" or that the class as defined is appropriate in this case.

24. Capital One denies that this case is suitable for class action treatment and further denies that "there are thousands of consumers" who are appropriately members of any cognizable class.

25. Capital One denies the allegations in Paragraph 25 of the Complaint.

26. Capital One denies the allegations in Paragraph 26 of the Complaint.

27. Capital One denies the allegations in Paragraph 27 of the Complaint.

28. Capital One denies the allegations in Paragraph 28 of the Complaint.

29. Capital One denies the allegations in Paragraph 29 of the Complaint.

30. Capital One denies the allegations in Paragraph 30 of the Complaint.

31. Capital One denies the allegations in Paragraph 31 of the Complaint.

32. Capital One denies the allegations in Paragraph 32 of the Complaint.

33. Capital One denies the allegations in Paragraph 33 of the Complaint.

34. Capital One denies the allegations in Paragraph 34 of the Complaint.

35. Capital One denies the allegations in Paragraph 35 of the Complaint.

36. Capital One denies the allegations in Paragraph 36 of the Complaint.

37. Capital One denies the allegations in Paragraph 37 of the Complaint.

## COUNT I

38. Capital One incorporates the preceding paragraphs of this Answer by reference.

39. Paragraph 39 of the Complaint purports to quote statutory language that speaks for itself. To the extent any response is required, Capital One denies the allegations in Paragraph 39 of the Complaint.

40. Capital One denies the allegations in Paragraph 40 of the Complaint.

41. Capital One denies the allegations in Paragraph 41 of the Complaint.

42. Capital One denies the allegations in Paragraph 42 of the Complaint.

43. Capital One denies the allegations in Paragraph 43 of the Complaint

## COUNT II

44. Capital One incorporates the preceding paragraphs of this Answer by reference.

45. Paragraph 45 of the Complaint purports to quote statutory language that speaks for itself. To the extent any response is required, Capital One denies the allegations in Paragraph 45 of the Complaint.

46. Capital One denies the allegations in Paragraph 46 of the Complaint.

47. Capital One denies the allegations in Paragraph 47 of the Complaint.

## COUNT III

48. Capital One incorporates the preceding paragraphs of this Answer by reference.

49. Paragraph 49 of the Complaint purports to quote statutory language that speaks for itself. To the extent any response is required, Capital One denies the allegations in Paragraph 49 of the Complaint.

50. Capital One denies the allegations in Paragraph 50 of the Complaint.

51. Capital One denies the allegations in Paragraph 51 of the Complaint.

## COUNT IV

52. Capital One incorporates the preceding paragraphs of this Answer by reference.

53. Paragraph 53 of the Complaint purports to quote statutory language that speaks for itself. To the extent any response is required, Capital One denies the allegations in Paragraph 53 of the Complaint.

54. Capital One denies the allegations in Paragraph 54 of the Complaint.

55. Capital One denies the allegations in Paragraph 55 of the Complaint.

## COUNT V

56. Capital One incorporates the preceding paragraphs of this Answer by reference.

57. Paragraph 57 of the Complaint purports to quote statutory language that speaks for itself. To the extent any response is required, Capital One denies the allegations in Paragraph 57 of the Complaint.

58. Capital One denies the allegations in Paragraph 58 of the Complaint.

59. Capital One denies the allegations in Paragraph 59 of the Complaint.

## COUNT VI

60. Capital One incorporates the preceding paragraphs of this Answer by reference.

61. Paragraph 61 of the Complaint purports to quote statutory language that speaks for itself. To the extent any response is required, Capital One denies the allegations in Paragraph 61 of the Complaint.

62. Capital One denies the allegations in Paragraph 62 of the Complaint.

63. Capital One denies the allegations in Paragraph 63 of the Complaint.

## COUNT VII

64. Capital One incorporates the preceding paragraphs of this Answer by reference.

65. Paragraph 65 of the Complaint purports to quote statutory language that speaks for itself. To the extent any response is required, Capital One denies the allegations in Paragraph 65 of the Complaint.

66. Capital One denies the allegations in Paragraph 66 of the Complaint

67. Capital One denies the allegations in Paragraph 67 of the Complaint.

## COUNT VIII

68. Capital One incorporates the preceding paragraphs of this Answer by reference.

69. Paragraph 69 of the Complaint purports to quote statutory language that speaks for itself. To the extent any response is required, Capital One denies the allegations in Paragraph 69 of the Complaint.

70. Capital One denies the allegations in Paragraph 70 of the Complaint.

71. Capital One denies the allegations in Paragraph 71 of the Complaint.

## COUNT IX

72. Capital One incorporates the preceding paragraphs of this Answer by reference.

73. Capital One denies the allegations in Paragraph 73 of the Complaint.

74. Capital One denies the allegations in Paragraph 74 of the Complaint.

75. Capital One denies the allegations in Paragraph 75 of the Complaint.

76. Capital One denies the allegations in Paragraph 76 of the Complaint.

## COUNT X

77. Capital One incorporates the preceding paragraphs of this Answer by reference.

78. Capital One denies the allegations in Paragraph 78 of the Complaint.

79. Capital One denies the allegations in Paragraph 79 of the Complaint.

80. Capital One denies the allegations in Paragraph 80 of the Complaint.

81. Capital One denies the allegations in Paragraph 81 of the Complaint.

82.     Capital One denies that Plaintiff is entitled to any of the relief demanded in his Demand for Relief.

### Third Defense

Capital One states that, to the extent it is deemed a "debt collector" under the FDCPA, any violation of the FDCPA proven by Plaintiff is the result of a bona fide error.

### Fourth Defense

Plaintiff's state law claims are preempted by federal law.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### Sixth Defense

Plaintiff's claims against Capital One under the FDCPA are barred because Capital One is not a "debt collector" as defined by the FDCPA.  Among other reasons, (i) Capital One obtained the debt in question for servicing before the debt was in default (*see* 15 U.S.C. § 1692a(6)(F)(iii)), and (ii) Capital One's activities to collect debts owed by Wood were on behalf of a corporate affiliate, Capital One's principal business is not the collection of debts, and Capital One only collects debts for corporate affiliates (see 15 U.S.C. § 1692a(6)(B)).

### Seventh Defense

Any allegation of the Complaint that is not specifically addressed in paragraphs 1 - 82 of this Answer is denied.  Capital One reserves the right to amend this Answer should discovery and further investigation reveal additional defenses.

Capital One prays that this action should be dismissed with prejudice and that it be awarded its reasonable costs, including attorneys' fees.

Dated:  New York, New York
        July 1, 2010

                           HUNTON & WILLIAMS LLP

BY:     /s/ George P. Sibley III
        Brian V. Otero
        Bar Roll No.:  515996
        200 Park Avenue, 52nd Floor
        New York, New York  10166
        (212) 309-1000
        (212) 309-1100 (fax)
        botero@hunton.com

        Lewis F. Powell III
        Bar Roll No.: 516145
        George P. Sibley III
        Bar Roll No.: 516144
        Riverfront Plaza, East Tower
        951 E. Byrd Street
        Richmond, Virginia 23219
        (804) 788-8200
        (804) 788-8218 (fax)
        lpowell@hunton.com
        gsibley@hunton.com

        *Counsel for Defendants*
        *Capital One Services, LLC, and*
        *Capital One Bank (USA), N.A.*

## **DECLARATION OF SERVICE**

George P. Sibley, III, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on July 1, 2010, I filed a true copy of the attached Answer of Capital One Services, LLC via electronic transmission through the Court's CM/ECF system on the following counsel of record:

1. Sergei Lemberg, Esq.
   Lemberg & Associates LLC
   1100 Summer Street, Floor 3
   Stamford, CT 06905
   *Counsel for Plaintiff Gareth D. Wood*

2. Michael Del Valle, Esq.
   Sessions, Fishman Law Firm
   130 John Muir Drive, Suite 106
   Amherst, NY 14228
   *Counsel for Defendant*
   *NCO Financial Systems, Inc.*

3. David Israel, Esq.
   Sessions, Fishman, Nathan & Israel, LLC
   3850 North Causeway Blvd., Suite 200
   Metairie, LA 70002-7227
   *Counsel for Defendant*
   *NCO Financial Systems, Inc.*

                                                /s/ George P. Sibley, III
                                                George P. Sibley, III